UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JESSICA C. GRAHAM,

                Plaintiff,                         NOT FOR PUBLICATION

        -against-

                                      **MEMORANDUM & ORDER**
RICHMOND UNIVERSITY MEDICAL          15-CV-889 (PKC)
HOSPITAL; RICHMOND UNIVERSITY
MEDICAL HOSPITAL EMS
DEPARTMENT; LYNN McCARTHY;
JAMES CANECCHIA; GISEL CUBERO;
KIM TRIOLO; ISA-NGOZI; KEVIN
DIMAURO; FRANK FAZIO;

                Defendants.
----------------------------------------------------------X

PAMELA K. CHEN, United States District Judge:

On February 17, 2015, plaintiff Jessica C. Graham filed this *pro se* action alleging that police officers and emergency medical technicians ("EMT") violated her constitutional rights when they involuntary transported her to Richmond University Medical Hospital where she allegedly received involuntary treatment.[1] Plaintiff alleges jurisdiction principally pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is granted solely for the purpose of this memorandum and order. Plaintiff's motion to appoint counsel is denied. For the reasons set forth below, this action is dismissed for failure to state a claim upon which relief may be granted.

---

[1] By order dated April 30, 2015, plaintiff was permanently enjoined and restrained from filing any new *in forma pauperis* actions in the United States District Court for the Eastern District of New York without first obtaining leave of the Court. *Graham v. Interpersonal Development et al.*, 15 CV 459 (PKC) (ECF. Nos. 9, 10). The Court notes that the instant action was filed before plaintiff was enjoined.

1

**BACKGROUND**

This is the ninth action that plaintiff has filed since October 2, 2014. *See Graham v. Quirk*, 14 CV 5815 (E.D.N.Y. Dec. 8, 2014) (dismissing child custody-related claims and allowing claims for false arrest and excessive force to proceed); *Graham v. Yazdani et al.*, 14 CV 6020 (E.D.N.Y. Oct. 31, 2014) (dismissing action for lack of subject matter jurisdiction); *Graham v. Rawley*, 14 CV 6022 (E.D.N.Y. Oct. 27, 2014) (dismissing child custody-related claims and transferring remaining claims to the United States District Court for the District of New Jersey); *Graham v. Quirk*, 14 CV 6676 (E.D.N.Y. Dec. 22, 2014) (dismissing plaintiff's claims relating to the custody of her child for lack of subject matter jurisdiction); *Graham v. Distasio*, 14 CV 6677 (E.D.N.Y. Jan. 23, 2015) (dismissing amended complaint for failure to state a claim); *Graham v. Criminal Court of the City of NY et al.*, 15 CV 337 (E.D.N.Y. Feb. 2, 2015) (dismissing all claims and warning plaintiff that if she continued to file frivolous complaints based on the same events as to which the Court had previously ruled, she could face restrictions on her future access to the Court); *Graham v. Family Court of the State of New York*, 15 CV 419 (E.D.N.Y. Feb. 25, 2015) (dismissing complaint for lack of subject matter jurisdiction); *Graham v. Interpersonal Development et al.*, 15 CV 459 (E.D.N.Y.) (by order dated March 12, 2015, dismissing complaint for lack of subject matter jurisdiction, and by order dated April 30, 2015, enjoining and restraining plaintiff from filing any new *in forma pauperis* actions in the United States District Court for the Eastern District of New York without first obtaining leave of the Court).

In the instant action, plaintiff alleges that on October 4, 2013, police officers, along with emergency medical technicians, entered her home and transported her to Richmond University

Medical Hospital where she received involuntary medical treatment.[2] Plaintiff seeks to have this Court, *inter alia*, order the Federal Bureau of Investigation to conduct an investigation; order Richmond University Medical Center to "eliminate" the record of plaintiff's hospitalization, as it "may deny the Plaintiff's right to bear arms in the future . . . "; and order defendants to pay monetary damages. Compl at ¶ IV.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980);

---

[2] The Court notes that plaintiff brings this action solely against the hospital and defendants employed by the hospital.

3

*Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

A plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541–42 (E.D.N.Y. 1999). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citations omitted); *see* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Here, plaintiff names as defendants, Richmond University Medical Hospital, Richmond University Medical Hospital EMS Department, defendants McCarthy and Canecchia, who are identified by plaintiff as EMTs employed by Richmond University Medical Hospital, defendant Cubero, a physician employed by Richmond University Medical Hospital, and defendants Triolo, Isa-Ngozi, Dimauro, and Fazio, all of whom are identified by plaintiff as nurses employed by Richmond University Medical Hospital.

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk,* --- U.S. ---, 132 S. Ct. 1497, 1501–02 (2012). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach,* 165 F.3d 137, 142 (2d Cir. 1999).

4

Moreover, private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Brentwood Academy v. Tennessee*, 531 U.S. 288, 305–06 (2001); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morris v. Katz,* No. 11 CV 3556, 2011 WL 3918965, at *6 (E.D.N.Y. Sept. 4, 2011). Here, Richmond University Medical Hospital is a private corporation, and the remaining defendants are all private medical professionals employed by the hospital. *See Kia P. v. McIntyre,* 235 F.3d 749, 755–56 (2d Cir. 2000) (private hospital was not a state or municipal facility and thus was not liable pursuant to § 1983, unless it was acting as an instrumentality of the state); *Mallgren v. Burkholder, et al.,* No. 14 CV 2189, 2014 WL 3845223, at *6 (E.D.N.Y. Aug. 5, 2014) (dismissing claims against Richmond University Medical Center and its unidentified staff members because they are not state actors).

Private individuals who are not state actors may nonetheless be liable under Section 1983 if they have conspired with or engaged in joint activity with state actors. *See Filarsky v. Delia,* 132 S.Ct. 1657, 1661–62 (2012); *Briscoe v. LaHue,* 460 U.S. 325, 330 n.7 (1983); *see also Abdullahi v. Pfizer, Inc.,* 562 F.3d 163, 188 (2d Cir. 2009) ("Under § 1983, state action may be found when there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (quoting *Brentwood Acad.*, 531 U.S. at 295 (2001)) (internal quotation marks omitted)).

To the extent that plaintiff seeks to argue that defendants conspired with or engaged in joint activity with "law enforcement," her claim fails. In order to state a Section 1983 conspiracy claim against a private entity, plaintiff must do more than plead simply and in conclusory fashion that the defendant "conspired" with state actors. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). Instead, plaintiff must allege: "(1) an agreement between a state actor and a

private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pacicca v. Stead*, 456 F. App'x. 9, 12 (2d Cir. 2011) (quoting *Ciambriello*, 292 F.3d at 324–25); *see also Faison v. Maccarone*, No. 11 CV 0137, 2012 WL 681812, at *5 (E.D.N.Y. Mar. 1, 2012). Here, plaintiff fails to allege any facts to show that defendants acted in concert with "law enforcement" in furtherance of committing an unconstitutional act. *See*, *e.g. Goonewardena v. N. Shore Long Island Jewish Health Sys.,* No. 11 CV 2456, 2014 WL 1271197, at *11 n.14 (E.D.N.Y. Mar. 26, 2014) (finding that Zucker Hillside Hospital is a private hospital and plaintiff failed to plead any facts suggesting that the hospital acted in concert with state actors).

Whereas ordinarily the Court would allow plaintiff an opportunity to amend her complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it declines to do so here because it is clear from plaintiff's submissions that there is no possibility of a plausible § 1983 claim against these defendants. Therefore, any attempt to amend the complaint would be futile. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## CONCLUSION

Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: May 8, 2015
Brooklyn, New York